Dear Mr. Augustine:
You advise this office that you intend to accept an appointment as Deputy Executive Director of the Louisiana Workforce Commission. You ask this office to advise if state law permits you to accept this appointment and continue in your private legal practice.
This office routinely answers questions regarding the legality of holding two or more public offices and/or employments under our state's Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq. Any dual officeholding analysis requires us to first define the nature of the positions held. Because the position of Executive Deputy Director is established by La.R.S. 36:305[1] and appointed by the Executive Director, the position constitutes "appointive office" under La.R.S. 42:62(2).[2] However, your self-employment as a private attorney does not *Page 2 
constitute public employment, elective office or appointive office as defined by the dual officeholding law. Because you hold only one "public office", the dual officeholding prohibitions and incompatibility provisions do not apply and would not prevent you from continuing your private legal practice while holding the position of Executive Deputy Director.
We mention here some other general areas of concern. You may not pursue your private legal practice during your work hours as Executive Deputy Director. Such activity violates La.R.S. 14:138 prohibiting public payroll fraud.[3] Under La.R.S. 36:302(B), you may not receive additional salary from the state other than that salary you receive by virtue of holding your position as Deputy Executive Director. Note further that you are subject to the policies of the Executive Director relative to whether or not an officer can continue a private legal practice after regular working hours. See La.R.S. 36:304(B)(4)[4]
You state that while you serve as Executive Deputy Director you intend to continue your legal representation of the plaintiffs in a school desegregation case, where the intervening defendants in the litigation are the Louisiana Board of Elementary and Secondary Education and the Louisiana Department of Education. Whether or not this scenario presents a conflict of interest under the Louisiana Code of Governmental Ethics[5] is a question within the jurisdiction of the Louisiana State Board of Ethics. You may seek an advisory opinion from the Board at P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600; http://www.ethics.state.la.us. *Page 3 
Finally, the Rules of Professional Conduct are applicable to lawyers. You may seek a ruling from the Ethics Advisory Service Committee of the Louisiana State Bar Association regarding any possible conflict of interest created by this scenario under the Rules. You may contact Mr. Richard P. Lemmler of the Committee for further information at the following mailing address: 601 St. Charles Avenue, New Orleans, LA 70130-3404; phone: 1-800-421-5722; http://www.lsba.org/2007MemberServices/ethicsadvisoryservice.asp.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL. ATTORNEY GENERAL
BY: __________________________ KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 36:305 provides:
§ 305. Deputy executive director
There may be a deputy executive director of the commission, who shall be appointed by the executive director with consent of the Senate and who shall serve at the pleasure of the executive director at a salary fixed by the executive director, which salary shall not exceed the amount approved for such position by the legislature while in session. The duties and functions of the deputy executive director shall be determined and assigned by the executive director. If appointed, he shall serve as acting executive director in the absence of the executive director.
[2] La.R.S. 42:62(2) provides:
(2) "Appointive office" means any office in any branch ofgovernment or other position on an agency, board, or commission orany executive office of any agency, board, commission, or departmentwhich is specifically established or specifically authorized by
the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which isfilled by appointment or election by an elected or appointedpublic official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[3] La.R.S. 14:138 provides, in pertinent part: A. Public payroll fraud is committed when: (1) Any person shall knowingly receive any payment or compensation, or knowingly permit his name to be carried on any employment list or payroll for any payment or compensation from the state, for services not actually rendered by himself, or for services grossly inadequate for the payment or compensation received or to be received according to such employment list or payroll; or
(2) Any public officer or public employee shall carry, cause to be carried, or permit to be carried, directly or indirectly, upon the employment list or payroll of his office, the name of any person as employee, or shall pay any employee, with knowledge that such employee is receiving payment or compensation for services not actually rendered by said employee or for services grossly inadequate e for such payment or compensation.
[4] La.R.S. 36.304(B)(4) authorizes the Executive Director to "formulate and promulgate rules of administration for the commission relating to employment and management."
[5] La.R.S. 42:1111, ef seq